# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2082

_____

Frederick B. Moore,                           *
                                              *
        Plaintiff - Appellant,                *
                                              *   Appeal from the United States
v.                                            *   District Court for the
                                              *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner of             *
Social Security,                              *   [UNPUBLISHED]
                                              *
        Defendant - Appellee.                 *

_____

Submitted:  December 17, 1998

Filed:  February 1, 1999

_____

Before BEAM, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Frederick B. Moore appeals the denial of Social Security Supplemental Security Income benefits.  When the administrative law judge denied Moore's claim in March 1996, he was twenty-two years old and serving an Arkansas prison sentence for theft. Moore is deaf in one ear.  In 1993, a consulting psychologist diagnosed two mental impairments -- an antisocial personality disorder and a full-scale IQ of 73, which is classified in the Social Security regulations as borderline intellectual functioning. After  a hearing, the ALJ denied Moore's claim based upon his finding that this combination

of impairments does not constitute a severe impairment that significantly limits his physical or mental ability to engage in basic work-related activities. See 20 C.F.R. § 416.921(a), (b). The Commissioner's Appeals Council denied review, and Moore then commenced this action seeking judicial review of the denial.

The district court[1] in a thorough opinion granted summary judgment in favor of the Commissioner, concluding substantial evidence in the administrative record supports the ALJ's decision. Regarding Moore's claim of deafness, the court noted evidence that Moore does not wear a hearing aid, hears normal conversational speech, and has worked as a janitor and a prison meal server without being limited by his hearing defect. The court acknowledged that Moore has a personality disorder which has led to criminal and antisocial behavior but concluded there is no evidence of psychosis and substantial evidence supporting the ALJ's finding that Moore's *ability* to work is not significantly limited by this condition. Finally, the court concluded there is also substantial evidence supporting the ALJ's decision to discredit the consulting psychologist's opinion that Moore suffers from borderline intellectual functioning -- school records showing he made good grades (contradicting Moore's hearing testimony he made only D's and F's), the fact Moore earned his GED in prison, and other testing indicating average intelligence. On appeal, Moore argues, in essence, that the ALJ and the district court imposed too rigorous a standard in determining whether Moore had met his burden to prove he has a severe impairment. After careful review of the administrative record, we affirm for the reasons stated in the district court's Memorandum Opinion and Order dated March 26, 1998. See also Gwathney v. Chater, 104 F.3d 1043 (8th Cir. 1997).

---

[1]The HONORABLE JERRY CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.